**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LORETTA BETTAH,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. C2-05-cv-00954** |
| | : | |
| **v.** | : | **JUDGE ALGENON L. MARBLEY** |
| | : | |
| **STATE OF OHIO DEPARTMENT OF** | : | **Magistrate Judge Kemp** |
| **REHABILITATION AND** | : | |
| **CORRECTION** | : | |
| | : | |
| **Defendants.** | : | |

## OPINION AND ORDER

### I.  INTRODUCTION

This matter comes before the Court on Defendant State of Ohio Department of
Rehabilitation and Correction's ("Defendant") Motion for Judgment on the Pleadings.  For the
reasons set forth herein, the Court **RENDERS MOOT** Defendant's Motion with respect to
Counts I, II, III (Title VII race and sex discrimination claims), IV, V and VI because Plaintiff
voluntarily dismissed these counts.  This Court, because it does not have subject matter
jurisdiction over Plaintiff's Title VII color claim, hereby **DISMISSES** it.  Thus, Plaintiff's only
remaining claim is the Title VII national origin claim.

### II.  BACKGROUND

#### A.  Facts

Because the matter before the Court is Defendants' Motion for a Judgment on the
Pleadings, the Court will consider the facts in the light most favorable to the non-movant
Plaintiff.  *Ziegler v. IBP Hog Mkt.,* 249 F.3d 509, 512 (6th Cir. 2001).

Plaintiff Loretta Bettah ("Bettah") is a Black female, born in Cameroon, and is of African descent.  Defendant hired Plaintiff as the Food Service Coordinator at its Correctional Medical Center ("CMC") located in Columbus, Ohio on December 1, 1998. Reginald Wilkinson ("Wilkinson") was the chief administrative officer and Director of the Ohio Department of Rehabilitation and Correction.  Tammy Hartzler ("Hartzler"), a White female, American born, was the chief administrative officer and warden of CMC.  Plaintiff alleges that Hartzler was her immediate supervisor.  Wilkinson and Hartzler were agents and employees of Defendant.

On January 20, 2004, Hartzler placed Plaintiff on administrative leave pending an investigation of an alleged violation of Defendant's Standards of Employee Conduct Rule #46a, which prohibits the "unauthorized relationship with an inmate"and Rule #46e, which prohibits "committing sexual acts with any individual under Defendant's supervision."  Hartzler conducted an investigation into the alleged rule violations.  Hartzler interviewed the inmate with whom Plaintiff allegedly had a relationship, Kimothy Jones ("Jones").  When interviewed, Jones told Hartzler that he had an association with another corrections officer and that he was aslo Plaintiff's boyfriend.  When interviewed by Hartzler, Plaintiff denied that Jones was her boyfriend.

On March 11, 2004, Hartzler and Wilkinson discharged Plaintiff for her alleged violation of Defendant's Standards of Employee Conduct Rule #46a.  Defendant based its discharge of Plaintiff on her alleged "unauthorized relationship" with Jones.  Plaintiff claims that she did not have an unauthorized relationship, sexual or otherwise, with Jones.

Plaintiff asserts that other employees of Defendant, who have been accused of violations of Defendant's Standards of Employee Conduct Rule #46a, have not been as severely disciplined

when no prior discipline exists for the employee.  Plaintiff contends that she does not have a discipline history.  Plaintiff contends that she has been singled out for disparate and unfair treatment.  Specifically, Plaintiff alleges that Defendant intentionally failed to conduct a fair, impartial, complete and/or meaningful investigation of the allegations against Plaintiff and accord her due process.  Plaintiff asserts that failure to do so was a discriminatory practice, which had the effect of denying female, non-American born persons, including persons from Cameroon, equal employment opportunities.  In addition, Plaintiff claims that the practice adversely affected her as an employee because of her race, color, national origin and sex.

Defendant contends that it exercised reasonable care to prevent and promptly correct any alleged discriminatory acts or behavior on the part of its employees.  Defendant also alleges that it had a non-pretextual, legitimate reason for its actions.

### B. Procedural History

On May 13, 2004, Plaintiff filed a charge of discrimination with the Ohio Civil Rights Commission ("OCRC") and the United States Equal Employment Opportunity Commission ("EEOC").  In her charge, Plaintiff alleged that she was discharged from her employment on March 11, 2004 because of her national origin.

On February 24, 2005, OCRC issued a decision finding that no probable cause existed to believe the Defendant engaged in an unlawful discriminatory practice.  Plaintiff's case was dismissed.  On March 7, 2005, Plaintiff requested reconsideration of that finding.  On March 17, 2005, upon reconsideration, OCRC again determined that no probable causes existed to believe that Defendant engaged in an unlawful discriminatory practice and the matter was dismissed.

On July 21, 2005, EEOC issued a "Dismissal and Notice of Rights" ("Notice"), which stated that it had adopted the findings of the state employment practices agency that investigated

Plaintiff's charge.  EEOC dismissed Plaintiff's claims.  EEOC also notified Plaintiff of her rights to pursue the matter further in the U.S. District Court of competent jurisdiction if the suit was brought within ninety (90) days of receipt of Notice.  Plaintiff alleges she received EEOC Notice on or about July 24, 2005.

On October 19, 2005, Plaintiff filed her Complaint against Defendant for unlawful employment discrimination in violation of:

(1) 42 U.S.C. § 1981;

(2) 42 U.S.C. § 1983:

(3) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e17;

(4) General state law;

(5) Ohio Rev. Code §§ 4112.02 *et seq.*; and

(6) the Fourteenth Amendment of the Constitution of the United States and the Constitution of Ohio.

Plaintiff alleges in Count I that Defendant engaged in the unlawful discriminatory practice of selecting employees for investigation, discipline and discharge based upon race, color, national origin and sex (i.e. targeting non-American born Black females for investigation and discipline, including discharge), in violation of 42 U.S.C. § 1981.  In Count II, Plaintiff alleges that Defendant engaged in an unlawful discriminatory discharge based on race, color, national origin and sex in violation of 42 U.S.C. § 1983.  With respect to Count III, Plaintiff alleges Defendant violated Title VII of the Civil Rights Act of 1964 by discharging her based on her (a) race, (b) color, (c) national origin and (d) sex.  In Count IV, Plaintiff generally alleges that her state law rights have been violated and has sustained extreme and/or debilitating emotional and psychiatric distress, impairment, harm, damages and injuries.  With respect to

-4-

Count V, Plaintiff alleges the Defendant's acts constitute unlawful discrimination against her because of her race, color, national origin and sex in violation of Ohio Revised Code §§ 4112.02 *et seq.* Finally, in Count VI, Plaintiff alleges that Defendant's act and omissions constitute deprivation and denial of Plaintiff's rights to due process, equal protection of the laws, privileges and immunities and other rights secured under the Fourteenth Amendment of the Constitution of the United States and the Constitution of Ohio.

Plaintiff requests various forms of relief in her Complaint. Specifically, Plaintiff requests that (a) Defendant be enjoined from discriminating against Plaintiff on the basis of race, color, national origin and sex; (b) Plaintiff be awarded compensatory damages in the amount of $500,000 and punitive damages in the amount of $500,000; (c) Defendant be ordered to reinstate Plaintiff to the position of Food Services Coordinator and pay her back wages and award her all benefits that she would have accrued from March 11,20004 to the date of reinstatement; (d) Plaintiff be granted judgment against Defendant for her costs and attorney fees as authorized by the Civil Right Attorney's Fee Award Act of 1976; (e) Defendant be directed to develop, adopt and implement an affirmative action plan to prevent discrimination on the basis of race, color, national origin and sex; and (f) Defendant be directed to expunge Plaintiff's record of all wrongful discipline issued to Plaintiff from her personnel file.

On July 31, 2006, Defendant filed this Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). Defendant contends that Counts I, II, III (title VII race and sex claims), IV, V, and VI of Plaintiff's Complaint must be dismissed because they are barred by the principle of sovereign immunity granted to the State of Ohio and its agencies by the Eleventh Amendment to the United States Constitution; because they fail to state a claim upon which relief can be granted; and because Plaintiff failed to exhaust her administrative remedies.

-5-

On August 31, 2006, Plaintiff responded to Defendant's Motion and voluntarily dismissed Counts I, II, III (Title VII race and sex claims), IV, V, and VI of the Complaint without prejudice, but maintained her Title VII color and national origin claims.

Accordingly, Counts I, II, IV, V, and VI are **MOOT**. Count III is also **MOOT** with respect to the Title VII claims of race and sex. Plaintiffs Title VII claims with respect to color and national origin remain. Although Defendant's Motion does not address Plaintiff's Title VII claims with respect to color or national origin, this Court may review subject matter jurisdiction at any point *sua sponte*. Therefore, Plaintiff's remaining claims (Title VII color and national origin claims) are now ripe for this Court's review.

## III. STANDARD OF REVIEW

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is reviewed under the same standard applicable to a motion to dismiss under Rule 12(b)(6). *Ziegler v. IBP Hog Mkt.,* 249 F.3d 509, 511-12 (6th Cir. 2001). Thus, this Court must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of its claim that would entitle it to relief. *Id.* at 512. A Rule 12(c) motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law. *Paskyan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).

## IV. LAW and ANALYSIS

Plaintiff's remaining claims allege that she was discriminated against on the basis of her color and national origin. Title VII prohibits employment discrimination on the basis of race, *color*, religion, sex or *national origin* in federal and private employment. *See* 42 U.S.C. § 2000e (2007) (emphasis added).

-6-

**A. Color Discrimination Claim**

In order for federal courts to have subject matter jurisdiction of Title VII claims, the claimant must first unsuccessfully pursue administrative relief. *Love v. Pullman Co.*, 404 U.S. 522 (1972). It is well settled that federal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can be reasonably expected to grow out of the charge. *Strouss v. Michigan Department of Corrections*, 250 F.3d 336, 342 (6th Cir. 2002); *Weigel v. Baptist Hospital of East Tenn.*, 302 F.3d 367, 380 (6th Cir. 2002) (a plaintiff's complaint filed in the district court must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination).

A claim of discrimination based on national origin does not necessarily give rise to claims of race or color discrimination. *Ang. v. Procter & Gamble Co.*, 932 F.2d 540, 546 (6th Cir. 1991).[1] Each of these claims is a distinct claim under Title VII. An individual's national origin is defined as "the country where a person was born, or, more broadly, the country from which his or her ancestor's came." *Ang*, F.2d at 546 (quoting *Espinoza v. Farah Mfg. Co.*, 414 U.S. 86, 88 (1973)).

Color discrimination, as one court has stated, "arises when the particular hue of the plaintiff's skin is the cause of the discrimination…" *Bryant v. Bell Atlantic Maryland, Inc.*, 285 F.3d 124, 133 n.5 (4th Cir. 2002). A claim of color discrimination does not necessarily grow out of a charge of discrimination based on national origin. In this case, however, Plaintiff has stated a claim of discrimination based on both national origin and color.

---

[1] The *Ang* Court upheld the district court's dismissal of a plaintiff's amended complaint to include a race discrimination charge. The *Ang* plaintiff's OCRC complaint only alleged discrimination based on national origin and the *Ang* Court held that it was clear that the OCRC did not construe the national origin charge to include race discrimination. *Ang*, F.2d at 546–47.

Plaintiff did not pursue her color discrimination claim when she filed her OCRC and EEOC complaints.  Plaintiff only checked "national origin" as the cause of her discrimination. Similarly, when asked to give the particulars of her discrimination, she stated, "I believe that I was discharged due to consideration of my national origin, Cameroon…"  Plaintiff did not check the box marked "color" as a basis for discrimination.  There is no indication in her description of the particulars of her discharge that "color" was also a basis for her termination.

The OCRC issued its decision that there was no discrimination based exclusively upon Plaintiff's claim of national origin discrimination.  The EEOC adopted the OCRC's opinion and issued its Notice to Plaintiff based exclusively upon the *national origin* claim.  When the EEOC issues a right-to-sue letter following an investigation, the charge set forth in the letter limits the scope of the subsequent civil action for relief to discrimination that is reasonably expected to grow out of the charge set forth in the letter.  *Cottrill v. MFA, Inc.*, 443 F.3d 629, 634 (8th Cir. 2006); *Conner v. Illinois Dep't of Natural Resources*, 413 F.3d 675, 680 (7th Cir. 2005). Plaintiff's claim of color discrimination is not reasonably expected to grow out of her national origin claim.

Plaintiff's failed to indicate that color was a basis for discrimination in her OCRC and EEOC complaint.  Therefore, Plaintiff failed to exhaust her administrative remedies on this claim.  This Court is without subject matter jurisdiction to hear an unexhausted Title VII claim. *See, e.g., Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 379 (6th Cir.2002).  Accordingly, Plaintiff's Title VII claim for color discrimination is not properly before this Court and therefore **DISMISSED**.

**B. National Origin Claim**

Plaintiff's remaining claim is based upon discrimination based on her national origin in violation of Title VII.  Plaintiff brought this claim in her OCRC and EEOC complaint.  Both the OCRC and EEOC dismissed Plaintiff's claim.  Plaintiff was granted her right to sue on this claim in Federal Court pursuant to her EEOC Notice.   Therefore, Plaintiff's Title VII claim charging discrimination based on national origin remains as Plaintiff's only viable claim.

**V. CONCLUSION**

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings is **RENDERED MOOT** with respect to Counts I, II, III (Title VII race and sex discrimination claims), IV, V and VI.  Because this Court lacks subject matter jurisdiction over Plaintiff's Title VII claim of discrimination based on color, it is hereby **DISMISSED**.  Plaintiff's claim of discrimination based on national origin remains.

**IT IS SO ORDERED.**

__s/Algenon L. Marbley_____

**ALEGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: March 21, 2007**